# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

MELVIN MANN, JR., MARK ROY,
THERESA ROY, PHYLLIS WALKER,
individually and as parent and next friend of
D.W. and K.W., DAVID WALKER, MYRA
COOK, DEBORAH SQUIRE, MARK SQUIRE,
WESLEY GAMMILL, MARY JUDITH
GAMMILL, MARK TRUJILLO, RALPH
HILL, DALE HOLMES, JR., MARY HOLMES,
MARY WALDREP, MITSUE KIDWELL,
NICHOLAS MACHUCA, PASCUAL
MACHUCA, ROSEMARIE MACHUCA,
ORVAL PERKINS, MARIANNE WILKINS,
MARTIN MCCLURE, EUGENE BARNES,
PATRICIA BARNES, NANCY MAYURI,
RIGOBERTO FIGUEROA, MARIA
FIGUEROA, MIKE OLSON, MAYRE
KEMNITZ, JOSHUA KEMNITZ, ALLEN
KEMNITZ,, WILLIE RAIFORD, JOSHUA
RAIFORD, individually and as parent and next
friend of A.R.,  LYNDA RAIFORD, JUDY
DAVIS, PATRICK DAVIS, LILLIE STONE,
MICHAEL STONE, PHILLIP HUNT, SRI
SIEBERT, RALPH SIEBERT, MARY
SHUMAN, RICHARD LOYD, PAMELA
LOYD, CLARISSA LOYD, DAVID
MEUMANN, LYNANN MEUMANN,
individually and as next friend of D.M.,
MYRNA FIGUEROA, LUIS FIGUEROA, KAY
CHARTIER, PROVILU SANABRIA,
PATRICIA BRIGHT, PATTY JARAMILLO,
ALBERTO JARAMILLO, GISELA
MCCONNELL, WINFRIED MCCONNELL,
REBECCA RODERICK, RICHARD SKLAR,
SHELLEY HAENZE, ROBERT HAENZE, JR.,
CHERYL SALENY, ROBERT SALENY,
ROSE STEWART, STEVEN STEWART,
individually and as next friend of V.S.,
DOUGLAS WICKERSHEIM, SABRINA
WICKERSHEIM, SANTIAGO HERNANDEZ-

CANADA, SR., JOSHUA HERNANDEZ,
ROBERT HERNANDEZ, SHEILA ANN
DOBLER, SHIRLEY LUNDSTEN, RAY
LUNDSTEN, SHIRLEY WHITEHEAD,
TANJA LUCERO, MATTHEW LUCERO,
JOSEPH LUCERO as parent and next friend of
C.L., THEDRAL MONTGOMERY, ROSE
FRANCIS, individually and as parent and next
friend of J.F. and T.F., JOHN FRANCIS,
VIOLA HARROLD, BRIAN MILLS, SARAH
ZAMORA HILL, SHELIA SCHWARTZ,
RICHARD SCHWARTZ, RUSSELL
TILLMAN, SHIRLEY TILLMAN, JAMES
WAGNER, WARREN WAGNER, MARY
WAGNER, TAMRA WAGNER, ANN
WATERS, BRENT WATERS, JENNIFER
PIERCE, REEVE GEIGER, TONYA WOLFE,
individually and as parent and next friend of
J.W., RONELL POLLARD, ROBIN STROUD,
DEBRA LOWE, SHAUNA FREEMAN,
LUBRA CHAMBERS, ROBERTA
CHAMBERS, CORNELIA DRAKE-
SISTRUNK, DARON SISTRUNK,
MARCELLA WEBSTER,, individually and as
parent and next friend of C.D.1 and C.D.2,
DAVID NEVERETTE, SABRINA ALLEN,
KENNETH HOFFMAN, STEVEN ROBERDS,
LELANIA ROBERDS, PRESTON ROBERDS,
NANCY HUNT, DEBRA MARIE WILLIAMS,
BERNARD BUCKLEY, DONNA BUCKLEY,
NICHOLAS BUCKLEY, BERTIE GRAVES,
EDWARD GRAVES, HAROLD FULLER, RIA
WOLFORD, JAMES FUQUEA, JEFFREY
JOHNSON, GEORGE B. JOHNSON, GEORGE
C. JOHNSON, ADORA ROE, JAMES
BROOKS,  individually and as parent and next
friend of L.J. and T.J., KIMBERLY BROOKS,
AMY STROMAN, individually and as parent
and next friend of J.G.S., FRANK GALLEGOS,
TERRENCE MCDADE, TONYA MCDADE,
TREYMAN MCDADE, SUMIKO MACLEOD,
JOSEPH AVILA, BRANDON ORTEGA,
DANIELLE SMITH, GARRICK DEWEY,
GLORIA CHACON, ALFONSO
ARCHULETA, individually and as parent and
next friend of E.A. and A.A., BETTY HUBER,

MARILYN COOKS, JAVON JACKSON,
KIMBERLY BOOTHE, individually and as
parent and next friend of R.B., K.B., and
K.M.B., RSTEVEN BOOTHE, KALISHA
FINCH, ROBERTA FINCH, TIFFANY
BATTLE, individually and as parent and next
friend of D.B. D.M.B., and D.B.J., DAMINGUS
BATTLE, VERNON BATES, TONY WINDER,
JERRY ZUNICH, SEAN BILLS, STACI
BILLS, individually and as parent and next
friend of B.B. and R.B., JAMES KABAT,
LYNNETTE KABAT, RICHARD ELLISON,
CONNIE LATIMORE, REBECCA PAEZ,
MAURICE PAEZ, JODIE PAEZ, LAURA
HART, JAMES HART, JEFF EARLS, MARY
EARLS, RODNEY APODACA, KARIN
YOUNG, RANDY YOUNG, PAUL GARCIA,
PATRICIA RILEY, and  JENNY GORDON

  *Plaintiffs*,

  v.

  THE 3M COMPANY, f/k/a Minnesota
Mining and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

  *Defendants.*

## COMPLAINT AND JURY DEMAND

Plaintiffs, Melvin Mann, Jr., Mark Roy, Theresa Roy, Phyllis Walker, individually and as parent and next friend of D.W. and K.W., David Walker, Myra Cook, Deborah Squire, Mark Squire, Wesley Gammill, Mary Judith Gammill, Mark Trujillo, Ralph Hill, Dale Holmes, Dale Holmes, Jr., Mary Holmes, Mary Waldrep, Mitsue Kidwell, Nicholas Machuca, Pascual Machuca, Rosemarie Machuca, Orval Perkins, Marianne Wilkins, Martin McClure, Eugene Barnes, Patricia Barnes, Nancy Mayuri, Rigoberto Figueroa, Maria Figueroa, Mike Olson, Mayre Kemnitz, Joshua Kemnitz, Allen Kemnitz, Willie Raiford, Joshua Raiford, individually and as parent and next friend of A.R., Lynda Raiford, Judy Davis, Patrick Davis, Lillie Stone, Michael Stone, Phillip Hunt, Sri Siebert, Ralph Siebert, Mary Shuman, Richard Loyd, Pamela Loyd, Clarissa Loyd, David Meumann, Lynann Meumann, individually and as next friend of D.M., Myrna Figueroa, Luis Figueroa, Kay Chartier, Provilu Sanabria, Patricia Bright, Patty Jaramillo, Alberto Jaramillo, Gisela McConnell, Winfried McConnell, Rebecca Roderick, Richard Sklar, Shelley Haenze, Robert Haenze, Jr., Cheryl Saleny, Robert Saleny, Rose Stewart, Steven Stewart, individually and as next friend of V.S.,  Douglas Wickersheim, Sabrina Wickersheim, Santiago Hernandez-Canada, Sr., Joshua Hernandez, Robert Hernandez, Sheila Ann Dobler, Shirley Lundsten, Ray Lundsten, Shirley Whitehead, Tanja Lucero, Matthew Lucero, Camilla Lucero, Thedral Montgomery, Rose Francis, individually and as parent and next friend of J.F. and T.F., John Francis, Viola Harrold, Brian Mills, Sarah Zamora Hill, Shelia Schwartz, Richard Schwartz, Russell Tillman, Shirley Tillman, James Wagner, Warren Wagner, Mary Wagner, Tamra Wagner, Ann Waters, Brent Waters, Jennifer Pierce, Reeve Geiger, Tonya Wolfe, individually and as parent and next friend of J.W., Ronell Pollard, Robin Stroud, Debra Lowe, Shauna Freeman, Lubra Chambers, Roberta

Chambers, Cornelia Drake-Sistrunk, Daron Sistrunk, Marcella Webster, individually and as parent and next friend of C.D.1 and C.D.2, David Neverette, Sabrina Allen, Kenneth Hoffman, Steven Roberds, Lelania Roberds, Preston Roberds, Nancy Hunt, Debra Williams, Debra Marie Williams, Bernard Buckley, Donna Buckley, Nicholas Buckley, Bertie Graves, Edward Graves, Harold Fuller, Ria Wolford, James Fuquea, Jeffrey Johnson, George B. Johnson, George C. Johnson, Adora Roe, James Brooks, individually and as parent and next friend of L.J. and T.J., Kimberly Brooks, Amy Stroman, individually and as parent and next friend of J.G.S., Frank Gallegos, Terrence McDade, Tonya McDade, Treyman McDade, Sumiko MacLeod, Joseph Avila, Brandon Ortega, Danielle Smith, Garrick Dewey, Gloria Chacon, Alfonso Archuleta, individually and as parent and next friend of E.A. and A.A., Betty Huber, Marilyn Cooks, Javon Jackson, Kimberly Boothe, individually and as parent and next friend of R.B., K.B., and K.M.B, RSteven Boothe, Kalisha Finch, Roberta Finch, Tiffany Battle, individually and as parent and next friend of D.B., D.M.B., and D.B.J., Damingus Battle, Vernon Bates, Tony Winder, Alicia Zunich, Jerry Zunich, Bradley Bills, Sean Bills, Staci Bills, individually and as parent and next friend of B.B. and R.B., James Kabat, Lynnette Kabat, Richard Ellison, Connie Latimore, Rebecca Paez, Maurice Paez, Jodie Paez, Laura Hart, James Hart, Jeff Earls, Mary Earls, Rodney Apodaca, Karin Young, Randy Young, Paul Garcia, Patricia Riley, and Jenny Gordon by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.;

KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1.      The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

2.      The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.      The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.      Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.      The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.      The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.      On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.    It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.    Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.    By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.    EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.    Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id.*

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.    The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.    There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.    The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado.

### Health Effects of PFOS and PFOA Exposure

29.    Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated

puberty.    It has also acknowledged that some human studies show that increased exposure may

increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may

be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

### PLAINTIFF'S EXPOSURE AND DAMAGES

41.    Years of ingestion and dermal absorption of contaminated water from the Fountain,

Security, and Widefield water districts have exposed unknowing residents of the Communities to

PFCs at concentrations hazardous to their health.

42.    Plaintiffs have been injured as a result of receiving water with elevated levels of

PFCs, including PFOA and PFOS.

43.    Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal

injury, property damage, and the diminution of property values due to PFC contamination of the

municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of

AFFF.

44.    The properties of the Plaintiffs have been damaged due to the presence of PFCs in

their homes, soil, surrounding property, and potable water supply.

45.    Plaintiffs seek recovery from all Defendants for injuries, damages, and losses

suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of

exposure to and consumption of PFC-contaminated water from the municipal and private drinking

water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys'

fees.

### JURISDICTION AND VENUE

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

49.     Plaintiff Melvin Mann, Jr. currently owns and resides at 100 Leta Drive. As a result of Melvin Mann, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melvin Mann, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

50.     Plaintiff Mark Roy currently owns and resides at 1025 Hartell Drive. As a result of Mark Roy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Roy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

51.     Plaintiff Theresa Roy currently owns and resides at 1025 Hartell Drive. As a result of Theresa Roy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Roy has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.     Plaintiff Phyllis Walker, individually and as parent and natural guardian of D.W., and K.W., currently owns and resides at 1055 Lindstrom Drive. As a result of their exposure to

elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phyllis Walker and

D.W. and K.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs

currently reside in or resided in El Paso County, Colorado.

53.    Plaintiff David Walker currently owns and resides at 1055 Lindstrom Drive. As a

result of David Walker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, David Walker has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.

The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.    Plaintiff Myra Cook currently resides at 10916 Darneal Dr. As a result of Myra

Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Myra Cook has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff

currently resides in or resided in El Paso County, Colorado.

55.    Plaintiff Deborah Squire currently resides at 133 Sumac Drive. As a result of

Deborah Squire's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Deborah Squire has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The

Plaintiff currently resides in or resided in El Paso County, Colorado.

56.    Plaintiff Mark Squire currently owns and resides at 133 Sumac Drive. As a result

of Mark Squire's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Mark Squire has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has

been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso

County, Colorado.

57.    Plaintiff Wesley Gammill currently owns and resides at 214 Security Blvd. As a

result of Wesley Gammill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Wesley Gammill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.     Plaintiff Mary Judith Gammill currently owns and resides at 214 Security Blvd. As a result of Mary Judith Gammill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Judith Gammill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.     Plaintiff Mark Trujillo currently resides at 253 N. Vine St. Apt 1. As a result of Mark Trujillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Trujillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.     Plaintiff Ralph Hill currently owns and resides at 2578 Chaymayo Drive. As a result of Ralph Hill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ralph Hill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.     Plaintiff Dale Holmes, Jr. currently resides at 34 N Amherst St. As a result of Dale Holmes, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dale Holmes, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.     Plaintiff Mary Holmes currently owns and resides at 34 N Amherst St. As a result of Mary Holmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Mary Holmes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.    Plaintiff Mary Waldrep currently owns and resides at 340 Walbrach Way. As a result of Mary Waldrep's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Waldrep has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.    Plaintiff Mitsue Kidwell currently owns and resides at 4010 Cooke Drive. As a result of Mitsue Kidwell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mitsue Kidwell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.    Plaintiff Nicholas Machuca currently owns and resides at 4045 Sandberg Drive. As a result of Nicholas Machuca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Machuca has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.    Plaintiff Pascual Machuca currently owns and resides at 4045 Stanberg Drive. As a result of Pascual Machuca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pascual Machuca has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

67.    Plaintiff Rosemarie Machuca currently owns and resides at 4045 Stanberg Drive. As a result of Rosemarie Machuca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosemarie Machuca has elevated levels of PFOA, PFOS, and/or PFCs

in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.    Plaintiff Orval Perkins currently owns and resides at 42 Hayes Drive. As a result of Orval Perkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Orval Perkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.    Plaintiff Marianne Wilkins currently owns and resides at 4265 Cantrell Dr. As a result of Marianne Wilkins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marianne Wilkins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.    Plaintiff Martin McClure currently owns and resides at 4280 Cassidy Street. As a result of Martin McClure's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martin McClure has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.    Plaintiff Eugene Barnes currently owns and resides at 429 Ponderosa Drive. As a result of Eugene Barnes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eugene Barnes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.    Plaintiff Patricia Barnes currently owns and resides at 429 Ponderosa Drive. As a result of Patricia Barnes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Patricia Barnes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.    Plaintiff Nancy Mayuri currently owns and resides at 4450 Forsythe Drive. As a result of Nancy Mayuri's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Mayuri has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.    Plaintiff Rigoberto Figueroa currently owns and resides at 4645 Dooley Way. As a result of Rigoberto Figueroa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rigoberto Figueroa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.    Plaintiff Maria Figueroa currently owns and resides at 4645 Dooley Way. As a result of Maria Figueroa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Figueroa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.    Plaintiff Mike Olson currently owns and resides at 506 Cypress Dr. As a result of Mike Olson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mike Olson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

77.    Plaintiff Mayre Kemnitz currently owns and resides at 5084 Pathfinder Dr. As a result of Mayre Kemnitz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mayre Kemnitz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.     Plaintiff Joshua Kemnitz currently owns and resides at 5084 Pathfinder Dr. As a result of Joshua Kemnitz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Kemnitz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Allen Kemnitz currently owns and resides at 5084 Pathfinder Dr. As a result of Allen Kemnitz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Allen Kemnitz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

80.     Plaintiff Willie Raiford currently owns and resides at 5240 Sparrow Hawk Way. As a result of Willie Raiford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Willie Raiford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.     Plaintiff Joshua Raiford, individually and as parent and natural guardian of A.R., currently resides at 5240 Sparrow Hawk Way. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Raiford and A.R. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Joshua Raiford has been diagnosed with Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

82.     Plaintiff Lynda Raiford currently owns and resides at 5240 Sparrow Hawk Way. As a result of Lynda Raiford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynda Raiford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.     Plaintiff Judy Davis currently owns and resides at 528 Acoma Drive. As a result of Judy Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Judy Davis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.     Plaintiff Patrick Davis currently owns and resides at 528 Acoma Drive. As a result of Patrick Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patrick Davis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.     Plaintiff Lillie Stone currently owns and resides at 542 Ponderosa Drive. As a result of Lillie Stone's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lillie Stone has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.     Plaintiff Michael Stone currently owns and resides at 542 Ponderosa Drive. As a result of Michael Stone's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Stone has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

87.     Plaintiff Phillip Hunt currently owns and resides at 5445 Wilhelm Drive. As a result of Phillip Hunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Phillip Hunt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff Sri Siebert currently owns and resides at 5480 Liano Dr. As a result of Sri Siebert's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Sri Siebert has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.    Plaintiff Ralph Siebert currently owns and resides at 5480 Liano Dr. As a result of Ralph Siebert's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ralph Siebert has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

90.    Plaintiff Mary Shuman currently owns and resides at 5517 Kingsboro Drive. As a result of Mary Shuman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Shuman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.    Plaintiff Richard Loyd currently owns and resides at 5555 Alturas Dr. As a result of Richard Loyd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Loyd has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

92.    Plaintiff Pamela Loyd currently owns and resides at 5555 Alturas Dr. As a result of Pamela Loyd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Loyd has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

93.    Plaintiff Clarissa Loyd currently resides at 5555 Alturas Dr. As a result of Clarissa Loyd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clarissa Loyd has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff David Meumann currently resides at 5639 Hawkesbury Dr. As a result of David Meumann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Meumann has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.    Plaintiff Lynann Meumann, individually and as parent and natural guardian of D.M., currently owns and resides at 5639 Hawkesbury Drive. As a result of Lynann Meumann and D.M's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynann Meumann and D.M. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

96.    Plaintiff Myrna Figueroa currently owns and resides at 645 Montrail Dr. As a result of Myrna Figueroa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Myrna Figueroa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.    Plaintiff Luis Figueroa currently owns and resides at 645 Montrail Drive. As a result of Luis Figueroa's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Luis Figueroa has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.    Plaintiff Kay Chartier currently owns and resides at 716 Andover St. As a result of Kay Chartier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kay Chartier has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.    Plaintiff Provilu Sanabria currently owns and resides at 729 Upton Drive. As a result of Provilu Sanabria's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Provilu Sanabria has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Patricia Bright currently owns and resides at 804 Dahlia Drive. As a result of Patricia Bright's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Bright has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.    Plaintiff Patty Jaramillo currently owns and resides at 89 Doris Dr. As a result of Patty Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patty Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Alberto Jaramillo currently resides at 89 Doris Drive. As a result of Alberto Jaramillo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alberto Jaramillo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.    Plaintiff Gisela McConnell currently resides at 240 Lanfare Place. As a result of Gisela McConnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gisela McConnell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff Winfried McConnell currently owns and resides at 240 Lanfare Place. As a result of Winfried McConnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Winfried McConnell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff Rebecca Roderick currently owns and resides at 100 Leta Dr. As a result of Rebecca Roderick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Roderick has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

106.    Plaintiff Richard Sklar currently owns and resides at 707 Greenbush Drive. As a result of Richard Sklar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Sklar has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.    Plaintiff Shelley Haenze currently owns and resides at 1204 Hallam Avenue. As a result of Shelley Haenze's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelley Haenze has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

108.    Plaintiff Robert Haenze, Jr. currently owns and resides at 1204 Hallam Avenue. As a result of Robert Haenze, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Haenze, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.    Plaintiff Cheryl Saleny currently owns and resides at 136 Judson Street. As a result of Cheryl Saleny's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cheryl Saleny has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.    Plaintiff Robert Saleny currently owns and resides at 136 Judson Street. As a result of Robert Saleny's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Saleny has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.    Plaintiff Rose Stewart currently owns and resides at 2610 Spur Drive. As a result of Rose Stewart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rose Stewart has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Steven Stewart, individually and as parent and natural guardian of V.S., currently resides at 2610 Spur Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Stewart and V.S. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Steven Stewart has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

113.    Plaintiff Douglas Wickersheim currently resides at 4135 Otto Lane. As a result of Douglas Wickersheim's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Douglas Wickersheim has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.    Plaintiff Sabrina Wickersheim currently owns and resides at 4135 Otto Lane. As a result of Sabrina Wickersheim's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sabrina Wickersheim has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

115.    Plaintiff Santiago Hernandez-Canada, Sr. currently owns and resides at 6958 Metropolitan Street. As a result of Santiago Hernandez-Canada, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Santiago Hernandez-Canada, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

116.    Plaintiff Joshua Hernandez currently resides at 6958 Metropolitan Street. As a result of Joshua Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Robert Hernandez currently resides at 6958 Metropolitan Street. As a result of Robert Hernandez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Hernandez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

118.    Plaintiff Sheila Ann Dobler currently owns and resides at 245 Wallace Street. As a result of Sheila Ann Dobler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sheila Ann Dobler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Miscarriage; Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

119.    Plaintiff Shirley Lundsten currently owns and resides at 501 Cypress Drive. As a result of Shirley Lundsten's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Lundsten has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Ray Lundsten currently owns and resides at 501 Cypress Drive. As a result of Ray Lundsten's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ray Lundsten has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.    Plaintiff Shirley Whitehead currently owns and resides at 1010 Barnum Drive. As a result of Shirley Whitehead's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Whitehead has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff Tanja Lucero currently owns and resides at 5380 Rondo Way. As a result of Tanja Lucero's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tanja Lucero has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff Matthew Lucero currently resides at 5380 Rondo Way. As a result of Matthew Lucero's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Matthew Lucero has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.    Plaintiff Joseph Lucero, as parent and natural guardian of C.L., currently owns and resides at 5380 Rondo Way. As a result of C.L.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, C.L. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

125.    Plaintiff Thedral Montgomery currently owns and resides at 4363 Excursion Drive. As a result of Thedral Montgomery's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thedral Montgomery has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

126.    Plaintiff Rose Francis, individually and as parent and natural guardian of J.F. and T.F., currently owns and resides at 4040 Sinnes Lane 1415 Golden Hills Road. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rose Francis and J.F. and T.F. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

127.    Plaintiff John Francis currently resides at 4040 Sinnes Lane, 10256 Abrams Drive. As a result of John Francis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Francis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

128.    Plaintiff Viola Harrold currently owns and resides at 116 Easy Street. As a result of Viola Harrold's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Viola Harrold has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Brian Mills currently owns and resides at 2063 Hibbard Ln. As a result of Brian Mills's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Mills has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.    Plaintiff Sarah Zamora Hill currently owns and resides at 2578 Chaymayo Drive. As a result of Sarah Zamora Hill's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sarah Zamora Hill has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

131.    Plaintiff Shelia Schwartz currently owns and resides at 4215 Cantrell Dr. As a result of Shelia Schwartz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelia Schwartz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Abnormalities; Thyroid Abnormalities. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Richard Schwartz currently owns and resides at 4215 Cantrell Dr. As a result of Richard Schwartz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Schwartz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.    Plaintiff Russell Tillman currently resides at 1632 Main Street. As a result of Russell Tillman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Russell Tillman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Shirley Tillman currently owns and resides at 1632 Main Street. As a result of Shirley Tillman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shirley Tillman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff James Wagner currently resides at 5166 Alturas Circle. As a result of James Wagner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Wagner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Warren Wagner currently owns and resides at 5166 Alturas Circle. As a result of Warren Wagner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Warren Wagner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Testicular Cancer; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137.    Plaintiff Mary Wagner currently owns and resides at 5166 Alturas Circle. As a result of Mary Wagner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Wagner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Tamra Wagner currently resides at 5166 Alturas Circle. As a result of Tamra Wagner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Tamra Wagner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

139.    Plaintiff Ann Waters currently owns and resides at 100 Davie Drive. As a result of Ann Waters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ann Waters has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Brent Waters currently owns and resides at 100 Davie Drive. As a result of Brent Waters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brent Waters has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Jessica Pierce currently resides at 4394 Gunbarel Drive. As a result of Jessica Pierce's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Pierce has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Reeve Geiger currently owns and resides at 1009 E 25th Street Road. As a result of Reeve Geiger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Reeve Geiger has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.    Plaintiff Tonya Wolfe, individually and as parent and natural guardian of J.W., currently resides at 101 Kokomo St Apt F. As a result of Tonya Wolfe and J.W.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonya Wolfe and J.W.

have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

144.    Plaintiff Ronell Pollard currently owns and resides at 101 Norman Drive. As a result of Ronell Pollard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronell Pollard has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145.    Plaintiff Robin Stroud currently resides at 101 S. Fountain Street. As a result of Robin Stroud's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robin Stroud has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146.    Plaintiff Debra Lowe currently resides at 101 Watson Blvd. As a result of Debra Lowe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Lowe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147.    Plaintiff Shauna Freeman currently resides at 1011 Drury Ln. As a result of Shauna Freeman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shauna Freeman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148.     Plaintiff Lubra Chambers currently resides at 10135 Declaration Dr. As a result of Lubra Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lubra Chambers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Testicular Cancer; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.     Plaintiff Roberta Chambers currently owns and resides at 10135 Declaration Dr. As a result of Roberta Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Chambers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.     Plaintiff Cornelia Drake-Sistrunk currently owns and resides at 10156 Seawolf Drive 509 Crest Street. As a result of Cornelia Drake-Sistrunk's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cornelia Drake-Sistrunk has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.     Plaintiff Daron Sistrunk currently owns and resides at 10156 Seawolf Drive. As a result of Daron Sistrunk's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daron Sistrunk has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.     Plaintiff Marcella Webster, individually and as parent and natural guardian of C.D.1 and C.D.2, currently resides at 10156 Seawolf Drive. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marcella Webste and

C.D.1 and C.D.2 have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

153.    Plaintiff David Neverette currently owns and resides at 1016 Drury Lane. As a result of David Neverette's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Neverette has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

154.    Plaintiff Sabrina Allen currently owns and resides at 1019 Ancestra Drive. As a result of Sabrina Allen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sabrina Allen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

155.    Plaintiff Kenneth Hoffman currently owns and resides at 102 Landoe Ln. As a result of Kenneth Hoffman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Hoffman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

156.    Plaintiff Steven Roberds currently owns and resides at 1020 Marsh Hawk Dr. As a result of Steven Roberds's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Steven Roberds has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.    Plaintiff Lelania Roberds currently owns and resides at 1020 Marsh Hawk Dr. As a result of Lelania Roberds's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Lelania Roberds has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Preston Roberds currently owns and resides at 1020 Marsh Hawk Dr. As a result of Preston Roberds's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Preston Roberds has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.    Plaintiff Nancy Hunt currently owns and resides at 1021 Dela Vista Place. As a result of Nancy Hunt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Hunt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Debra Marie Williams currently owns and resides at 1022 Delavista Lane. As a result of Debra Marie Williams's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Marie Williams has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Bernard Buckley currently resides at 10256 Abrams Drive. As a result of Bernard Buckley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernard Buckley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Donna Buckley currently owns and resides at 10256 Abrams Drive. As a result of Donna Buckley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donna Buckley has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood, and has been diagnosed with Thyroid Abnormalities.  The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Nicholas Buckley currently owns and resides at 10256 Abrams Drive. As a result of Nicholas Buckley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Buckley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

164.    Plaintiff Bertie Graves currently owns and resides at 10256 Abrams Drive. As a result of Bertie Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bertie Graves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood., and has been diagnosed with Kidney Cancer; Liver Problems; Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Edward Graves currently resides at 10256 Abrams Drive. As a result of Edward Graves's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Graves has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

166.    Plaintiff Harold Fuller currently owns and resides at 103 Grand Blvd. As a result of Harold Fuller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Harold Fuller has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Ria Wolford currently owns and resides at 103 Grinnell St. As a result of Ria Wolford's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Ria Wolford has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

168.    Plaintiff James Fuquea currently resides at 103 Kokomo St Apt G. As a result of James Fuquea's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Fuquea has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Jeffrey Johnson currently resides at 103 Watson Blvd. As a result of Jeffrey Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffrey Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

170.    Plaintiff George B. Johnson currently owns and resides at 103 Watson Blvd. As a result of George Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.    Plaintiff George C. Johnson currently owns and resides at 103 Watson Blvd. As a result of George Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, George Johnson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

172.    Plaintiff Adora Roe currently resides at 1031 Drury Lane. As a result of Adora Roe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Adora Roe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173.    Plaintiff James Brooks individually and as parent and natural guardian of L.J. and T.J., currently owns and resides at 10323 Declaration Dr. As a result of James Brooks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Brooks has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Prostate Cancer. L.J. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Thyroid Problems. T.J. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

174.    Plaintiff Kimberly Brooks, currently owns and resides at 10323 Declaration Dr. As a result of Kimberly Brooks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Brooks has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Hypothyroidism; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Amy Stroman, individually and as parent and natural guardian of J.G.S., currently owns and resides at 1034 Drury Lane. As a result of Amy Stroman and J.G.S.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amy Stroman and J.G.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Amy Stroman has been diagnosed with Hypertension; Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

176.    Plaintiff Frank Gallegos currently owns and resides at 1034 Drury Ln 900 Hallam Avenue. As a result of Frank Gallegos's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Frank Gallegos has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff Terrence McDade currently owns and resides at 10351 Abrams Drive. As a result of Terrence McDade's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terrence McDade has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Tonya McDade currently owns and resides at 10351 Abrams Drive. As a result of Tonya McDade's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tonya McDade has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Treywan McDade currently resides at 10351 Abrams Drive. As a result of Treywan McDade's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Treywan McDade has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.    Plaintiff Sumiko MacLeod currently owns and resides at 104 Davie Drive. As a result of Sumiko MacLeod's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sumiko MacLeod has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.    Plaintiff Joseph Avila currently owns and resides at 104 Kiva Road. As a result of Joseph Avila's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Joseph Avila has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

182.    Plaintiff Brandon Ortega currently resides at 10400 Park Meadows Dr Apt 241. As a result of Brandon Ortega's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brandon Ortega has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

183.    Plaintiff Danielle Smith currently owns and resides at 105 Easy Street. As a result of Danielle Smith's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Smith has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

184.    Plaintiff Garrick Dewey currently owns and resides at 105 Easy Street. As a result of Garrick Dewey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Garrick Dewey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Gloria Chacon currently resides at 105 Kokomo St Apt D, 127 Hanover Street. As a result of Gloria Chacon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Chacon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.    Plaintiff Alfonso Archuleta. Individually and as parent and natural guardian of E.A. and A.A. currently resides at 105 Kokomo Street Apt D. As a result of Alfonso Archuleta's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alfonso Archuleta, E.A. and A.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Alfonso Archuleta has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

187.    Plaintiff Betty Huber currently owns and resides at 105 Linden Drive. As a result of Betty Huber's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Betty Huber has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

188.    Plaintiff Marilyn Cooks currently resides at 105 S Fountain Street. As a result of Marilyn Cooks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marilyn Cooks has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

189.    Plaintiff Javon Jackson currently resides at 105 S Fountain Street. As a result of Javon Jackson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Javon Jackson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff Kimberly Boothe, individually and as parent and natural guardian to R.B., K.B., and K.M.B., currently owns and resides at 105 Widefield Blvd. As a result of Kimberly Boothe, R.B., K.B. and K.M.B.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, they have elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood,

and Kimberly Boothe has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

191.    Plaintiff RSteven Boothe currently owns and resides at 105 Widefield Boulevard. As a result of RSteven Boothe's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, RSteven Boothe has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Kalisha Finch currently resides at 1050 Withington Drive, 117 Mojave Way. As a result of Kalisha Finch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kalisha Finch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.    Plaintiff Roberta Finch currently owns and resides at 1050 Withington Drive. As a result of Roberta Finch's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Finch has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol.. The Plaintiff currently resides in or resided in El Paso County, Colorado.

194.    Plaintiff Tiffany Battle, individually and as parent and natural guardian to D.B., D.M.B., and D.B.J., currently resides at 10523 Lothian Circle. As a result of Tiffany Battle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Battle, D.B., D.M.B., and D.B.J., have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Tiffany Battle has been diagnosed with Pregnancy Problems.. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

195.    Plaintiff Damingus Battle currently resides at 10523 Lothian Circle 836 Foxwood Dr. As a result of Damingus Battle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Damingus Battle has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

196.    Plaintiff Vernon Bates currently resides at 10545 Slumber Ridge Way. As a result

of Vernon Bates's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

supply, Vernon Bates has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

has been diagnosed with Colitis; Testicular Cancer. The Plaintiff currently resides in or resided

in El Paso County, Colorado.

197.    Plaintiff Tony Winder currently owns and resides at 10554 Country Park Point. As

a result of Tony Winder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Tony Winder has elevated levels of PFOA, PFOS, and/or PFCs in

Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff Jerry Zunich currently owns and resides at 10605 Delaney Lane. As a

result of Jerry Zunich's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Jerry Zunich has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood.

The Plaintiff currently resides in or resided in El Paso County, Colorado.

199.    Plaintiff Sean Bills currently resides at 10616 Abrams Drive, 6829 Ancestra Dr. As

a result of Sean Bills's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Sean Bills has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The

Plaintiff currently resides in or resided in El Paso County, Colorado.

200.    Plaintiff Staci Bills, individually and as parent and natural guardian to B.B. and

R.B., currently owns and resides at 10616 Abrams Drive. As a result of Staci Bills, B.B. and R.B.'s

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, they have

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and Staci Bills has been

diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

201.    Plaintiff James Kabat currently resides at 10629 91st Ave Court SW. As a result of James Kabat's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Kabat has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

202.    Plaintiff Lynnette Kabat currently resides at 10629 91st Avenue Court SW. As a result of Lynnette Kabat's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynnette Kabat has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.    Plaintiff Richard Ellison currently owns and resides at 10695 Delaney Lane. As a result of Richard Ellison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Ellison has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

204.    Plaintiff Connie Latimore currently resides at 107 Kokomo Street Apt. G. As a result of Connie Latimore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Connie Latimore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.    Plaintiff Rebecca Paez currently owns and resides at 10761 Darneal Drive. As a result of Rebecca Paez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking

water supply, Rebecca Paez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206. Plaintiff Maurice Paez currently owns and resides at 10761 Darneal Drive. As a result of Maurice Paez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maurice Paez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207. Plaintiff Jodie Paez currently owns and resides at 10761 Darneal Drive. As a result of Jodie Paez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jodie Paez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

208. Plaintiff Laura Hart resided at 4425 Witches Hollow Road, Colorado Springs, CO 80911 for all times relevant herein. As a result of Laura Hart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Laura Hart has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Bladder Problems; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209. Plaintiff James Hart currently resides at 107617 S 4770 Road. As a result of James Hart's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Hart has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

210.     Plaintiff Jeff Earls currently owns and resides at 10765 Falling Star Road. As a result of Jeff Earls's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeff Earls has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

211.     Plaintiff Mary Earls currently owns and resides at 10765 Falling Star Road 417 Harvard St. As a result of Mary Earls's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Earls has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.     Plaintiff Rodney Apodaca currently owns and resides at 10796 Darneal Dr. As a result of Rodney Apodaca's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rodney Apodaca has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

213.     Plaintiff Karin Young currently owns and resides at 108 Larch Drive. As a result of Karin Young's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Karin Young has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

214.     Plaintiff Randy Young currently owns and resides at 108 Larch Drive. As a result of Randy Young's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randy Young has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

215.    Plaintiff Paul Garcia currently resides at 108 Mojave Way. As a result of Paul Garcia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Garcia has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

216.    Plaintiff Patricia Riley currently owns and resides at 108 Mojave Way. As a result of Patricia Riley's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Riley has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

217.    Plaintiff Jenny Gordon currently owns and resides at 10820 Double D Road. As a result of Jenny Gordon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jenny Gordon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Hyperthyroidism; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

**Defendants**

218.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

219.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

220.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

221.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

222.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

223.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

224.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

225.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as

"TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

226.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

227.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

228.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

229.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

230.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

231.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

232.    KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

233.    KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

234.    KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

235.    Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

236.    Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

237.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

238.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

239.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

240.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

241.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

242.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

243.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

244.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

245.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

246.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

247.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

248.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

249.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

250.    AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

251.    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

252.    AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

253.   Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

254.   AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

255.   Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

256.   The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

257.   In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

258.   The USAF uses 3% AFFF for its installations.

259.   Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

260.   3M was the only company to manufacture PFOS-containing AFFF.

261.   In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

262.   Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

263.   In 1947, 3M began producing PFOA via ECF.

264.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

265.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

266.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

267.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

268.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

269.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

270.    Early studies showed that PFCs accumulated in the human body and were toxic.

271.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

272.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

273.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M

concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

274.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

275.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

276.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

277.    These injuries can arise months or years after exposure to PFOA.

278.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

279.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

280.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

281.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

282.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

283.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

284.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

285.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

286.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

287.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

288.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

289.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

290.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

### AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater

291.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

292.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

293.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

294.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

295.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

296.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

297.    PFOA and PFOS are present in all Defendants' AFFF products.

298.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

299.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

**MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY**

300.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

301.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

302.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

303.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

304.    The market for AFFF is ascertainable through standard discovery means.

305.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

306.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

307.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

308.     Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

309.     Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

310.     Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

311.     Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

312.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

313.     Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

314.     Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health

effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

315.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

316.    Using their considerable resources to fight PFOA and PFOS regulation; and

317.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

318.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

319.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

320.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

321.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

322.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

323.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

324.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

325.    This cause of action is brought pursuant to Colorado law.

326.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

327.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

328.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

329.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

330.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

331.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

332.     Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

333.     Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

334.     Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

335.     Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

336.     The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

337.     As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

338.     Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

339.    Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

340.    Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

341.    As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

342.    Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

343.    As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

344.    Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

345.    Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

346.    Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

347.    Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

348.    Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

349.    Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

350.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

351.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

352.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

353.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

354. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

355. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

356. This cause of action is brought pursuant to Colorado law.

357. In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

358. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

359.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

360.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

361.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

362.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

363.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

364.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

365.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

366.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

367.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

368.    This cause of action is brought pursuant to Colorado law.

369.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

370.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

371.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

372.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

373.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

374.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking

water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

375.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

376.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

377.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

378.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

379.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

380.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

381.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

382.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

383.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

384.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

385.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

386.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

387.    This cause of action is brought pursuant to Colorado law.

388.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

389.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

390.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

391.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

392.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

393.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

394.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

395.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

396.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

397.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

398.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

399.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

400.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

401.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

402.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

403.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

404.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

405.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

406.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

407.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

408.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

**PRAYER FOR RELIEF**

409.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

410.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

411.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

412.    an order for an award of attorneys' fees and costs, as provided by law;

413.    an award of pre-judgment and post-judgment interest as provided by law; and

414.    an order for all such other relief the Court deems just and proper.

**JURY DEMAND**

415.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).


Dated: May 7, 2018                          Respectfully Submitted,


                                            **MCDIVITT LAW FIRM**

                                            /s/ Michael W. McDivitt
                                            Michael W. McDivitt
                                            Kelly Hyman
                                            19 East Cimarron Street
                                            Colorado Springs, CO 80903
                                            Telephone: (719) 471-3700
                                            E-mail: mmcdivitt@mcdivittlaw.com
                                            E-mail: khyman@mcdivittlaw.com


                                            **NAPOLI SHKOLNIK, PLLC**

                                            Hunter Shkolnik
                                            Paul J. Napoli
                                            Louise Caro
                                            Tate J. Kunkle
                                            Patrick J. Lanciotti
                                            360 Lexington Avenue, Eleventh Floor
                                            New York, NY 10017
                                            Telephone: (212) 397-1000
                                            E-mail: pnapoli@napolilaw.com
                                            E-mail: hunter@napolilaw.com
                                            E-mail: lcaro@napolilaw.com
                                            E-mail: tkunkle@napolilaw.com
                                            E-mail: planciotti@napolilaw.com